Argued and submitted May 22, affirmed October 11, 1989

HAYDEN CORPORATION,
*Respondent,*

*v.*

GAYTON et al,
*Appellants.*

(A8701-00440; CA A48870)

780 P2d 787

Robert L. Kirkman, Judge pro tempore.

John W. Lundeen, Lake Oswego, argued the cause and filed the brief for appellants.

Colleen O'Shea Clarke, Portland, argued the cause for respondent. With her on the brief was Weiss, DesCamp & Botteri, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Plaintiff brought this action, seeking damages resulting from defendants' alleged breach of a commercial lease agreement. After a trial without a jury, the court entered judgment for plaintiff for $46,004, plus interest, costs and attorney fees. Defendants appeal and make two assignments of error. They contend that the trial court erred in excluding parol evidence concerning the meaning of the term "leased" as used in the lease agreement and that the court erred in its calculation of damages. We affirm.

Defendants leased retail space in a shopping mall from plaintiff. The original lease included clause 5.7:

"In the event Owner does not have the premises 75% occupied by October 1, 1986, Tenant may cancel this agreement and avoid all further obligations under this agreement, by vacating the premises between October 1 and October 15, 1986."

After defendants moved in, they sought rent concessions from plaintiff. The parties negotiated modifications in the lease that included rent concessions and amendment of clause 5.7 to read:

"Providing Tenant is not in default under this Lease and in the event that Owner does not have Buildings A and B of Shute Park Plaza Shopping Center 65% leased by October 1, 1986, Tenant may terminate this lease and avoid all further obligations under this Lease by vacating the premises between October 1st and October 15, 1986."

In August, 1986, the shopping center was less than 50 percent leased. At that time, defendants gave plaintiff notice of the deficiency and of their intent to move out of the premises pursuant to clause 5.7. On September 29, 1986, the shopping center was 46.4 percent occupied and 65.1 percent leased. Defendants moved out on October 1, 1986. A new tenant moved into the premises previously occupied by defendant in May, 1987. Plaintiff did extensive remodeling for the new tenant, spending $49,567.91. The remodeling costs were higher than usual, because the new tenant was not a retail tenant and had special requirements. The trial court awarded plaintiff $31,598.15 in damages, based on the rent that defendants would have paid had they remained in the premises from October 1, 1986, to the date when the new tenant began

to pay rent, and $14,406.40 in remodeling costs, figured at the average cost to rebuild a retail space of $12 per square foot.

■     Before trial, plaintiff moved *in limine* to exclude evidence of the parties' intent in using the word "leased" in the amended clause 5.7. Defendants contend that it was to have the same meaning as the term "occupied," which was used in the original clause 5.7. The trial court granted plaintiff's motion, which defendants assign as error.

Defendants argue that evidence of the parties' understanding of the term should have been admitted because the term "leased" is both patently and latently ambiguous. The Parol Evidence Rule, embodied in ORS 41.740, allows the introduction of extrinsic evidence regarding the terms of an agreement if there is an ambiguity in the agreement. The determination of whether a contract term is latently or patently ambiguous is a question of law for the court. *Oakridge Cablevision v. First Interstate Bank,* 65 Or App 640, 646, 673 P2d 532 (1983). A term is ambiguous if it has no definite meaning or if it is capable of more than one sensible and reasonable interpretation. A term is not ambiguous if its meaning is clear enough to preclude doubt by a reasonable person. *Oakridge Cablevision v. First Interstate Bank, supra,* 65 Or App at 646.

We hold that the term "leased," as used in this agreement, is not ambiguous. Its meaning is well established. "A lease is a contract for the possession and profit of land by the lessee, and a recompense of rent or increase to the lessor, and is a grant of an estate in the land." *State Highway Com. v. Rawson,* 210 Or 593, 601-02, 312 P2d 849 (1957); *see Wright v. Baumann,* 239 Or 410, 398 P2d 119 (1965). A lease is a contract giving a right to possession; "occupy" is an act of taking possession of or residing in a place. *Webster's Third New International Dictionary* 1561 (1971). A party need not occupy the leased property to have a lease; neither does a party need to have a lease to occupy property. The words "leased" and "occupied" have distinct and very different meanings. There is no patent ambiguity.

We also find no latent ambiguity in the use of the term "leased." Defendants argue that their understanding of the meaning of "leased" was different from plaintiff's and that they thought that it meant "occupy." However, the fact that

one party had an undisclosed idea about the meaning of a word does not create a latent ambiguity. *Oakridge Cablevision v. First Interstate Bank, supra,* 65 Or App at 647-48. The trial court did not err in granting plaintiff's motion *in limine.*

Defendants also assign error to the trial court's calculation of damages. Clauses 49.4 and 49.7 of the lease provide specific methods for calculating damages in the case of a default by the tenants. Defendants argue that those provisions preclude the calculation of damages in any other manner and, thus, the trial court erred in awarding damages on a common law breach of contract theory. However, clause 49.2 of the agreement provides:

> "In the event of a default by Tenant, Owner shall have the following remedies *which are not exclusive; they are cumulative in addition to any remedies now or later allowed by law.*" (Emphasis supplied.)

Accordingly, the remedy provided in the contract was not exclusive, but was cumulative of common law remedies, and the trial court did not err in its award of damages.

Affirmed.